DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALLISTER A. FREEMAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-811

[April 29, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert L. Pegg, Judge; L.T. Case No. 312011CF001413A.

Carey Haughwout, Public Defender, and Nan Ellen Foley, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, C.J.

Following a jury trial, Allister Freeman was adjudicated guilty of one count of battery, one count of trespass, and one count of robbery. The court sentenced him to time served on the battery and trespass counts and to concurrent Prison Releasee Reoffender (fifteen years with credit for time served) and Habitual Felony Offender (fifteen years six months with credit for time served) sentences on the robbery count. Pursuant to section 960.293 of the Florida Statutes, the court also imposed a civil lien against Appellant for incarceration costs. We affirm in all respects and write to address the propriety of the amount of the lien.[1]

Section 960.293(2) of the Florida Statutes provides that "[u]pon conviction, a convicted offender is liable to the state and its local

---

[1]  Appellant also takes issue with the trial court's limitation of his counsel's questions during voir dire, the constitutionality of section 960.293, and the constitutionality of his Prison Releasee Reoffender and Habitual Felony Offender sentences. We affirm on these issues without further comment.

subdivisions for damages and losses for incarceration costs and other correctional costs." § 960.293(2), Fla. Stat. (2013). Section 960.293(2)(b) specifies that:

> If the conviction is for an offense other than a capital or life felony, a liquidated damage amount of $50 per day of the convicted offender's sentence shall be assessed against the convicted offender and in favor of the state or its local subdivisions. Damages shall be based upon the length of the sentence imposed by the court at the time of sentencing.

§ 960.293(2)(b), Fla. Stat. (2013).

Based on this statute, the court imposed a $282,750 civil lien against Appellant which breaks down to $50 per day for the entirety of his fifteen year and six month sentence, including the days he was credited for time-served. Appellant challenges the amount of the lien, arguing that he cannot be charged for days he was incarcerated but not yet sentenced. We disagree.

Although no Florida court has considered whether a convicted offender is liable for incarceration costs associated with time-served under section 960.293(2)(b), the Eleventh Circuit has held that "[s]ection 960.293(2) does not limit costs to those incurred after conviction." *Riggins v. Beseler*, 568 Fed.Appx. 850, 854 (11th Cir. 2014). In arriving at its conclusion, the court reasoned that a contrary "interpretation would undermine the stated 'intent of the statute . . . [to] fully compensat[e] . . . the state[] and its local subdivisions for damages and losses incurred as a result of criminal conduct.'" *Id.* (quoting § 960.29(3)(a), Fla. Stat. (2013)) (alterations in original). We agree with the Eleventh Circuit, and adopt the reasoning set forth in *Riggins.*

*Affirmed.*

TAYLOR and MAY, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***